UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP & TRAINING FUND,
WISCONSIN LABORERS HEALTH-HRA FUND, and
JOHN J. SCHMITT (in his capacity as Trustee),

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,
and WISCONSIN LABORERS INDUSTRY
ADVANCEMENT PROGRAM FUND,

WISCONSIN MASONS HEALTH FUND,
WISCONSIN MASONS EDUCATION/JAC FUND
and GARY BURNS (in his capacity as Trustee),

BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN,

OPERATIVE PLASTERERS AND CEMENT MASONS
JOURNEYMAN & APPRENTICESHIP TRAINING FUND,

OPERATIVE PLASTERERS AND CEMENT MASONS
LOCAL 599,

BUILDING TRADES UNITED PENSION TRUST FUND,
and SCOTT REDMAN (in his capacity as Trustee),

INDUSTRY ADVANCEMENT PROGRAM/CONTRACT
ADMINISTRATION FUND,

        Plaintiffs,
  v.                                                         Case No.  16-cv-598

CALOUETTE CONSTRUCTION SERVICES, LLC and
THOMAS J. CALOUETTE,

        Defendants.
_____

**COMPLAINT**
_____

**NOW COMES** the Plaintiff, by its attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendants, allege and show to the court the following:

### Jurisdictional and Venue

1. Jurisdiction of this Court upon Defendants Calouette Construction Services, LLC and Thomas J. Calouette is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiffs' principal place of business is located in Dane County, Wisconsin.

### **Parties**

3. Plaintiffs Wisconsin Laborers Health Fund, Building & Public Works Vacation Fund, Wisconsin Laborers Apprenticeship & Training Fund, Wisconsin Laborers Health-HRA Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on

behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4. Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such, has standing to be a plaintiff in this action. Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") and Wisconsin Laborers Industry Advancement Program Fund are employee benefit plans governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws. Said Plan maintains an office at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6. Plaintiffs Wisconsin Masons Health Care Fund and Wisconsin Masons Education/JAC Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA, (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants and beneficiaries of said plans. Said plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

7. Plaintiff Gary Burns is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and

to seek the remedies prayed for. Gary Burns maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

8. Plaintiff Bricklayers and Allied Craftworkers District Council of Wisconsin is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 17125 W. Cleveland Avenue, New Berlin, Wisconsin 53151.

9. Plaintiff Operative Plasterers & Cement Masons Journeyman Apprenticeship Training Fund is an employee benefit plan within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA, (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the trustees, participants and beneficiaries of said plans. Said plan maintains offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

10. Plaintiff Operative Plasterers and Cement Masons Local 599 is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 1201 Post Road, Madison, Wisconsin 53713.

11. Plaintiff Building Trades United Pension Fund is an employee benefit plan within the meaning of ERISA §§3(1), (2), (3), and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3), and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of

said Plans.  Said Plaintiff maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

12. Plaintiff Scott Redman is a trustee and beneficiary of the Building Trades United Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action.  Mr. Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

13. Plaintiff Industry Advancement Program/Contract Administration Fund ("IAP/CA Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)).  It brings this action on behalf of the Trustees, participants, and beneficiaries of said organization and maintains offices at P.O. Box 507, Brookfield, Wisconsin 53008.

14. Calouette Construction Services, LLC ("Calouette Construction") is a Wisconsin limited liability corporation, engaged in business, with principal offices located at 17108 County Line Road, Union Grove, Wisconsin 53182.  Its registered agent for service of process is Thomas J. Calouette, 17108 County Line Road, Union Grove, Wisconsin 53182.

15. Upon information and belief, Thomas J. Calouette is an adult resident of the State of Wisconsin, with a residence located at 1311 Highview Avenue, Union Grove, Wisconsin 53182.

**Facts**

16.     Calouette Construction is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

17.     For all times relevant, Calouette Construction was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Wisconsin Laborers District Council, Bricklayers and Allied Craftworkers of Wisconsin, and the Wisconsin Operative Plasterers & Cement Masons Local 599 (hereinafter "Union").

18.     The Union represents, for purposes of collective bargaining, certain Calouette Construction employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. § 151, et seq.).

19.     The Labor Agreements described herein contain provisions whereby Calouette Construction agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

20.     By execution of said Labor Agreements, Calouette Construction adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

21. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Calouette Construction has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

    c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    d. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

    e. to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

    f. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    g. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

22. Calouette Construction has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a. failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Calouette Construction's covered employees; and

    b. failing to accurately report employee work status to the Plaintiffs.

23. ERISA § 502(g)(2), as amended by the MPPAA provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the Court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
>     (i) interest on the unpaid contributions, or
>
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the Court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

24. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

25. Despite demands that Calouette Construction perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make those payments. Calouette Construction is now indebted to the Plaintiffs as follows:

Audit Period:  May 15, 2014 through October 31, 2015

| Fund | Amount |
|---|---|
| Wisconsin Laborers Health Fund | $2,156.70 |
| Wisconsin Laborers Apprenticeship & Training Fund | 5.95 |
| Wisconsin Laborers LECET Fund | 1.98 |
| Wisconsin Laborers Health-HRA Fund | 69.12 |
| Building & Public Works Vacation Fund | 752.45 |
| Wisconsin Laborers IAP Fund | 281.96 |
| Wisconsin Masons Health Fund | 32,523.57 |
| Wisconsin Masons Education/JAC Fund | 1,231.31 |
| Bricklayers and Allied Craftworkers District Council of Wisconsin | 7,059.82 |
| Operative Plasterers & Cement Masons Journeyman Apprenticeship Training Fund | 9.56 |
| Operative Plasterers & Cement Masons Local 599 | 92.21 |
| Building Trades United Pension Trust Fund | 4,559.35 |
| IAP/CA Fund | 542.62 |

Unaudited Period: November 1, 2015 through the Present:

| Fund | Amount |
|---|---|
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers Apprenticeship & Training Fund | Unknown |
| Wisconsin Laborers LECET Fund | Unknown |
| Wisconsin Laborers Health-HRA Fund | Unknown |
| Building & Public Works Vacation Fund | Unknown |
| Wisconsin Laborers IAP Fund | Unknown |
| Wisconsin Masons Health Fund | Unknown |
| Wisconsin Masons Apprentice/LMCT Fund | Unknown |
| Bricklayers and Allied Craftworkers District Council of Wisconsin | Unknown |
| Operative Plasterers & Cement Masons Journeyman Apprenticeship Training Fund | Unknown |

| | |
|---|---|
| Operative Plasterers & Cement Masons Local 599 | Unknown |
| Building Trades United Pension Trust Fund | Unknown |
| IAP/CA Fund | Unknown |

26. Upon information and belief, Thomas J. Calouette is one of Calouette Construction's officers, shareholders, and/or directors.

27. Upon information and belief, Thomas J. Calouette was responsible for certain payroll deductions intended for the Funds, but failed to remit those deductions.

**Claim One - Against Defendant Calouette Construction Services, LLC.**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

28. As and for a claim for relief against Calouette Construction, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 28 above and incorporate the same as though fully set forth herein word for word.

29. For purposes of this claim (Claim One), the Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship & Training Fund, Wisconsin Laborers Health-HRA Fund, Building & Public Works Vacation Fund, Wisconsin Laborers Industry Advancement Program Fund, Wisconsin Masons Health Fund, Wisconsin Masons Education/JAC Fund, Operative Journeyman Apprenticeship Training Fund, Building Trade United Pension Trust Fund, and the IAP/CA Fund are hereinafter referred to as the "Funds."

30. Due demand has been made by the Funds upon Calouette Construction for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

31. Because Calouette Construction has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified

participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

32. Because Calouette Construction has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Calouette Construction:

    A. For $39,265.32, representing contributions, interest, and liquidated damages owed to the Funds for the audit period covering May 15, 2014 through October 31, 2015;

    B. For unpaid contributions and interest owed to the Funds for the period November 1, 2015 through the present;

    C. For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper

**Claim Two - Against Defendant Calouette Construction Services, LLC.**
**Violation of LMRA § 301 (29 U.S.C. § 185)**

33.     As and for a second claim for relief against Calouette Construction, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 above and incorporate the same as though fully set forth herein word for word.

34.     For the purposes of this claim (Claim Two), the Wisconsin Laborers LECET Fund is hereinafter referred to as the "Fund" and the Bricklayers and Allied Craftworkers District Council of Wisconsin and Operative Plasterers & Cement Masons Local 599 are hereinafter referred to as the "Unions."

35.     Due demand has been made upon Calouette Construction for payment of all working dues owed to the Union and contributions owed to the Fund but said Defendant has refused to pay them, and amounts remain due and owing.

36.     Because, as the Fund and Union are informed and believe, Calouette Construction has not paid timely and prompt working dues and contributions on behalf of union members, the Union's and Fund's incomes are reduced and their members may be forced to pay working dues out of pocket or have eligibility terminated and benefits reduced for which they would otherwise qualify, even though said amounts may have already been deducted from their paychecks by Calouette Construction. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm is said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches. Consequently, LMRA has been violated, and the Union and Fund are entitled to all of the remedies provided by LMRA.

**WHEREFORE**, the Union and Fund demand the following relief:

1. Judgment on behalf of the Union and Fund and against Calouette Construction as follows:

   A. For $7,154.01 representing unpaid contributions and interest owed to the Funds and Union for the audit period covering May 15, 2014 through October 31, 2015;

   B. For unpaid working dues owed to the Union and contributions, interest, and liquidated damages owed to the Funds and Union for the period November 1, 2015 through the date this action was commenced;

   C. For unpaid contributions, interest, and working dues owed to the Funds and Union becoming due and/or arising after the commencement of this action through the date of judgment; and

   D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

### Claim Three – Building & Public Works Laborers Vacation Fund's Claim Against Thomas J. Calouette, Personally Violation of ERISA § 409 (29 U.S.C. § 1109)

37. As and for a claim for relief against Thomas J. Calouette, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 above and incorporate the same as though fully set forth herein word for word.

38. By his failure to submit fund assets to the Building and Public Works Vacation Fund, Thomas J. Calouette exercised "authority or control respecting

-13-

management or disposition of [the Plan's] assets." ERISA § 3(21)(A)(i) (29 U.S.C. § 1002(21)(A)(i)).

39. By failing to submit Calouette Construction's employees' contributions, which were deducted from employees' paychecks, to the Building and Public Works Vacation Fund, Thomas J. Calouette breached his fiduciary duties to the Building and Public Workers Vacation Fund and engaged in a prohibited transaction pursuant to ERISA §§ 414(a) and 406(b)(1).

40. As a result of his conduct, Thomas J. Calouette is personally liable for all contributions owed to the Building and Public Works Vacation Fund, as well as any income which would have been realized had said contributions been made timely. See ERISA § 409 (29 U.S.C. § 1109).

**WHEREFORE**, the Building & Public Works Laborers Vacation Fund demands the following relief:

1. Judgment on behalf of the Building and Public Works Vacation Fund and against Thomas J. Calouette jointly and severally:

    A. For $752.45, representing contributions, interest and liquidated damages owed to the Building and Public Works Vacation Fund for the audit period May 15, 2014 through October 31, 2015;

    B. For unpaid contributions, interest, and liquidated damages owed to the Building and Public Works Vacation Fund for the period of November 1, 2015 through the date this action was commenced

   C. For unpaid contributions, interest, and liquidated damages owed to the Building and Public Works Vacation Fund arising after the commencement of this action through the date of judgment; and

   D. For the loss of any income which would have been realized had the contributions been made to the Funds on a timely basis.

  2. For such other, further, or different relief as this Court deems just and proper.

**Claim Four – Bricklayers and Allied Craftworkers District Council of Wisconsin and Operative Plasterers & Cement Masons Local 599 Claim Against Thomas J. Calouette, Personally Civil Theft, §§ 895.446 and 943.20, Wis. Stats.**

  41. As and for a claim for relief against Defendant Thomas J. Calouette, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above and incorporate the same as though fully set forth herein word for word.

  42. For the purposes of this claim (Claim Four), the Bricklayers and Allied Craftworkers District Council of Wisconsin and Operative Plasterers & Cement Masons Local 599 are hereinafter referred to as the "Unions."

  43. By his intentional conduct and by virtue of his position as a shareholder, corporate officer, director, and/or president of Calouette Construction, Thomas J. Calouette has retained possession of working dues without the Unions' consent.

  44. Thomas J. Calouette has intentionally retained working dues with the intent to convert said monies for his own use or for the use of Calouette Construction.

  45. By virtue of his conduct, Thomas J. Calouette has violated Wis. Stats. §§ 895.446 and 943.20.

**WHEREFORE**, the Unions demand the following relief:

1. Judgment on behalf of the Unions and against Thomas J. Calouette, jointly and severally:

    A. For $7,152.03, representing unpaid working dues owed to the Union for the audit period covering May 15, 2014 through October 31, 2015;

    B. For treble (exemplary) damages of not more than $21,456.09;

    C. For any amounts deducted from Calouette Construction's employees' paychecks which have not been paid to the Unions for working dues for the period November 1, 2015 through the date this action was commenced;

    D. For treble (exemplary) damages of not more than three times the amount deducted from Calouette Construction's employees' paychecks which have not been paid to the Unions for working dues for the period November 1, 2015 through the date this action was commenced;

    E. For unpaid working dues owed to the Unions becoming due and/or arising after the commencement of this action through the date of judgment;

    F. For treble (exemplary) damages of not more than three times the unpaid working dues owed to the Unions becoming due and/or arising after the commencement of this action through the date of judgment; and

   G. Actual attorney fees and the costs of any investigation and litigation related to this action.

 2. For such other, further, or different relief as this Court deems just and proper.

### Claim Five – Bricklayers and Allied Craftworkers District Council of Wisconsin and Operative Plasterers & Cement Masons Local 599 Claim Against Thomas J. Calouette, Personally
### Common Law Conversion

 46. As an alternative to Claim Four, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 above and incorporate the same as though fully set forth herein word for word.

 47. For the purposes of this claim (Claim Five), the Bricklayers and Allied Craftworkers District Council of Wisconsin and Operative Plasterers & Cement Masons Local 599 are hereinafter referred to as the "Unions."

 48. Thomas J. Calouette did not have authority, legal or otherwise, from the Unions to deduct monies from Calouette Construction's employees' paychecks without turning said monies over to the Unions or to use said monies for any purpose other than to pay Calouette Construction's employees' working dues.

 49. By virtue of Calouette Construction's intentional conduct, the Unions have not received working dues for its members, even though said monies have been deducted from the members' paychecks.

 50. Through his intentional conduct of deducting working dues from Calouette Construction's employees' paychecks and failing to forward those dues to the Unions, Thomas J. Calouette took property belonging to the Unions and has interfered with said Plaintiffs' lawful rights to possess the working dues.

**WHEREFORE**, the Unions demand the following relief:

1. Judgment on behalf of the Unions and against Thomas J. Calouette, jointly and severally:

    A. For $7,152.03, representing unpaid working dues owed to the Union for the audit period covering May 15, 2014 through October 31, 2015;

    B. For unpaid working dues owed to the Unions for the period November 1, 2015 through the date this action was commenced; and

    C. For unpaid working dues owed to the Unions becoming due and/or arising after the commencement of this action through the date of judgment.

2. For such other, further, or different relief as this Court deems just and proper.

Dated this 28th day of August, 2016.

s/Philip E. Thompson
Philip E. Thompson (SBN: 1099139)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
414-203-0514 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com

Attorneys for Plaintiffs